Etienne BITEU, Petitioner,

v.

Eric H. HOLDER Jr., U.S. Attorney GENERAL,[1] Respondent.

No. 08–3173–ag.

United States Court of Appeals, Second Circuit.

June 11, 2009.

Njinuwo Bayelle, Silver Spring, MD, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; Michelle G. Latour, Assistant Director; Sunah Lee, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner, Etienne Biteu, a native and citizen of Cameroon, seeks review of the May 28, 2008 order of the BIA affirming the October 3, 2006 decision of Immigration Judge ("IJ") Joanna Miller Bukszpan denying Petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Etienne Biteu,* No. A 096 241 612 (B.I.A. May 28, 2008), *aff'g* No. A 096 241 612 (Immig. Ct. N.Y. City Oct. 3, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey,* 514 F.3d 233, 237 (2d Cir.2008). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

§ 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Substantial evidence supports the agency's adverse credibility determination. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004) (internal quotation marks omitted), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (the Court generally will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent statements ... about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters"). Petitioner's brief does not challenge the IJ's finding as to his demeanor, or the IJ's finding that Petitioner's non-immigrant visa application conflicted with his testimony. He has therefore waived any challenge to findings that stand as proper bases for the IJ's adverse credibility finding. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005); *Shunfu Li v. Mukasey,* 529 F.3d 141, 146 (2d Cir.2008).

Petitioner argues that the adverse credibility determination was not supported by the record because the IJ engaged in speculation and failed to give his corroborating documents the weight they deserve.[2] However, the record supports the IJ's findings that there were numerous discrepancies regarding Petitioner's corroborating documents. For example, the IJ noted that a medical certificate from a Dr. Nonga at the Douala General Hospital (indicating that Petitioner was seen there on March 13, 2001) conflicted with a medical certificate from a Dr. Farikou at the Cameroon Republic Hospital, which stated that Petitioner was seen there on that same date. Moreover, as the IJ found, the medical certificate from Dr. Yves Mathieu Zoa at La Quintine Hospital on July 2, 2001 conflicted with Petitioner's testimony that on July 2, 2001 he was taken to the General Hospital. While Petitioner had a chance to reconcile his testimony, *see Ming Shi Xue v. BIA,* 439 F.3d 111, 125 (2d Cir.2006), no reasonable fact-finder would have been compelled to credit the explanation he offered, *see Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). These inconsistencies went to the heart of Petitioner's claim as they related to the medical care he received for his alleged beatings. *See Hongsheng Leng v. Mukasey,* 528 F.3d 135, 141 (2d Cir.2008).

Since the only evidence that Petitioner was likely to be persecuted or tortured depended upon his credibility, the adverse credibility determination precludes success on his claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005); *cf. Ramsameachire v. Ashcroft,* 357 F.3d 169, 184–85 (2d Cir.2004) (holding that the agency may not deny a CAT claim solely on the basis of an adverse credibility finding made in the asylum context, where the CAT claim did not turn upon credibility).

We decline to consider Petitioner's challenge to the agency's firm resettlement finding because the agency's adverse credibility finding is dispositive of Petitioner's claims.

**2.** We note that Petitioner's arguments are vague in the extreme, coming dangerously close to waiving any challenge to the agency's adverse credibility determination. *See Yueqing Zhang,* 426 F.3d at 541 n. 1, 545 n. 7.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).